

S T A T E   O F   M I C H I G A N

S U P R E M E   C O U R T

144072(75)

ITALO PARISI,
      Plaintiff-Appellant,

v

DETROIT ENTERTAINMENT, LLC
      Defendant-Appellee.

_____


STATEMENTS REGARDING RULING ON MOTION FOR DISQUALIFICATION


DECEMBER 21, 2011


      YOUNG, C.J.  I deny plaintiff's motion seeking my disqualification. Plaintiff's only basis for seeking my disqualification is an alleged donation of $1,000 made more than eleven years ago by the daughter of defendant's owner to the Michigan Republican Party and an alleged subsequent loan by the Michigan Republican Party to my Supreme Court campaign in 2000. Even if true, these allegations are insufficient to give rise to an appearance of impropriety. Plaintiff does not claim that I am actually biased for or against either party in this matter. Because I am not biased for or against either party in this matter, I deny plaintiff's motion seeking my disqualification.


      MARKMAN, J.  I deny plaintiff's motion seeking my disqualification.  Plaintiff's basis for seeking my disqualification is an unlawful donation of $1000 made by a relative of defendant casino's owner to a political committee, which later provided a loan to my judicial campaign in 2000.  Had this $1000 donation been made directly to my campaign, it would have been within the limits established by Michigan law, and "[s]uch limits must

be understood as clearly reflecting the Legislature's, and the people's, understanding that contributions in these amounts will not supply a basis for disqualification." *Adair v State*, 474 Mich 1027, 1042 (2006).  Each Justice of this Court has received campaign loans or contributions from political committees, and it is unreasonable to expect that a recipient of such a loan or contribution is in a position to monitor the hundreds or even thousands of individual contributors to such committees.  Moreover, because I am not actually biased for or against either party in this matter, I deny plaintiff's motion seeking my disqualification.